# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 25, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

152830

*In re*:

HON. ELIZABETH BIOLETTE CHURCH,      SC: 152830
CHIPPEWA COUNTY PROBATE and     RFI Nos. 2014-021034;
DISTRICT COURT                             2014-021209

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

The Judicial Tenure Commission has issued a Decision and Recommendation, to which the respondent, Hon. Elizabeth Biolette Church, Chippewa County Probate and District Court Judge, consents. It is accompanied by a settlement agreement, in which the respondent waived her rights and consented to a sanction no greater than a public censure and a 120-day suspension without pay.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

Everything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the following stipulated findings of fact of the Judicial Tenure Commission, which, following our de novo review, we adopt as our own:

1.　　The respondent is, and at all material times was, a judge of the Chippewa County Probate and District Court in Sault Ste. Marie, Michigan.

2.　　As a judge, she is subject to all the duties and responsibilities imposed on judges by this Court, and is subject to the standards for discipline set forth in MCR 9.104 and MCR 9.205.

3.　　Over the course of the last several years, respondent reduced charges, dismissed charges outright, or modified sentences in at least 20 criminal cases, without holding a hearing and where she had no explicit authority from the prosecutor to do so. Those 91st District Court cases are: *People v Tenecyck* (Case No. 13-55757-ST); *People v Stebleton* (Case No. 13-7804-SI); *People v Debolt* (Case No. 13-8954-ST); *People v Reiswitz* (Case No. 13-8812-SI); *People v Hough* (Case No. 13-56209-SM); *People v Swiger* (Case No. 13-7402-SI); *People v Payment* (Case No. 14-10642-01); *People v Brand* (Case No. 13-9214-SI); *People v Parr* (Case No. 13-6874-SI); *People v Wiezbenski* (Case No. 13-7024-SI); *People v Captain* (Case No. 12-6474-SI); *People v Gagnon* (Case No. 11-53224-SM); *People v Gunckel* (Case No. 14-57103-SM); *People v Morningstar* (Case No. 14-11943-SM); *People v Keesler* (Case No. 14-57118-ST); *People v Mellea* (Case No. 14-57254-SM); *People v Manos* (Case No. 14-11974-SI); *People v Hatfield* (Case No. 14-12032-SI); *People v Dicks* (Case No. 14-12080-SJ); and *People v Homminga* (Case No. 14-587515-SD).

4.　　Over the course of the last several years, respondent dismissed at least 32 ticket cases without holding a hearing and where she had no explicit authority from the prosecutor to do so. Those 91st District Court cases are: *People v Smith Family Sanitation* (Case No. 12-4859-SI); *People v Beland* (Case No. 12-4891-SI); *People v Huyck* (Case No. 12-4889-ST); *People v Greene* (Case No. 12-4978-SI); *People v Heikkinen* (Case Nos. 12-4916-OI, 12-4917-OI, and 12-4918-OI); *People v Mitchell* (Case No. 12-5089-OI); *People v Karakas* (Case No. 12-51 04-SI); *People v Bagwan*, (Case No. 12-5452-SI); *People v Eggart* (Case Nos. 12-5651-SI & 12-5652-SI); *People v Rogers* (Case No. 12-5690-SI); *People v Fox Excavating* (Case No. 12-5714-SI); *People v McLeod* (Case No. 12-5786-

SI); *People v Reynoso* (Case No. 12-5795-SI); *People v Nietling* (Case No. 12-5800-SI); *People v Heather Goudge* (Case No. 12-5855-SI); *People v Bertram* (Case No. 12-5914-SI); *People v Schuster* (Case No. 12-5919-SI); *People v Hiatt* (Case No. 12-5926-SI); *People v Mongene* (Case No. 12-6015-SI); *People v Akers* (Case No. 12-6090-SI); *People v Parr* (Case No. 12-6117-SI); *People v Cardiff* (Case No. 12-6221-01); *People v McEwen* (Case No. 12-6250-SI); *People v Miller* (Case No. 12-6349-SI); *People v Johnston* (Case No. 12-6411-SI); *People v Bosley* (Case No. 12-6439-SI); *People v Saluja* (Case No. 12-6443-OI); *People v Morley* (Case No. 12-6446-OI); *People v Schwiderson* (Case No. 12-6492-SI); *People v Poth* (Case No. 12-6653-OI); *People v Dumback* (Case No. 12-6597-SI); and *People v Shuman* (Case No. 13-7084-SM).

5.    In the matters referred to above, respondent engaged in ex parte communications by considering substantive matters relevant to the merits of the pending proceedings, without the knowledge or consent of the prosecuting attorney.

6.    Respondent also engaged in ex parte contacts as follows:

(a) *People v Betlam* (50th Circuit Case No. 13-001221-FC)

i. This matter was before respondent on January 16, 2014 for a bench trial.

ii. Before the trial started, respondent, accompanied by defense counsel Jennifer France, went to the holding cell where Mr. Betlam was being held by the Chippewa County Sheriff's Department.

iii. Respondent met there with Mr. Betlam, in the presence of Ms. France, but without the knowledge of the prosecuting attorney.

iv. Respondent never told the prosecutor of her ex parte meeting with the defendant, Mr. Betlam, nor did she ever make a record of the event.

(b) *People v Ferraro*

i. Respondent was assigned to preside over *People v Ferraro*, 91st District Case Nos.:

(1) 15-58203-SM (filed on or around April 27, 2015, charging the defendant with domestic violence, contrary to MCL 750.812) and

(2) 15-58285-SM (filed on or around May 28, 2015, charging defendant with domestic violence, 2nd offense, contrary to MCL 750.812, and 4th-degree child abuse, contrary to MCL 750.136b[7]).

ii. On April 28, 2015, respondent disqualified herself on her own motion in Case No. 15-58203-SM, and on June 3, 2015 she did so in Case No. 15-58285-SM, indicating in both matters that she believed that her continued assignment would create an appearance of impropriety.

iii. Respondent added the following on the disqualification order in Case No. 15-58203-SM: "DEFENDANT IS THE SON OF BLDG MAINTENANCE MAN WHO IS PART OF ONGOING JTC INVESTIGATION." [sic]

iv. The State Court Administrative Office (SCAO) assigned Judge Beth Gibson of the 92nd District Court to preside over Case No. 15-58203-SM on May 1, 2015 and over Case No. 15-58285-SM on June 8, 2015.

v. On June 12, 2015, Mr. Ferraro pleaded guilty to one charge of domestic violence (Case No. 15-58203-SM) and one charge of domestic violence-second offense (Case No. 15-58285-SM); the child abuse charge was dismissed without prejudice.

vi. In Case No. 15-58203-SM, Judge Gibson sentenced Mr. Ferraro to 93 days in jail, with 17 days credit and the remaining 76 days suspended. Judge Gibson also imposed $500 in fines and costs and placed Mr. Ferraro on 12 months of probation.

vii. In Case No. 15-58285-SM, Judge Gibson placed Mr. Ferraro on 24 months of probation and imposed $750 in fines and costs.

viii. In both cases, Judge Gibson continued a no-contact order against Mr. Ferraro regarding the victim.

ix. On July 8, 2015, charges were filed against the same Mr. Ferraro in Case No. 15-58414-FY, alleging that he had used a computer to commit a crime, contrary to MCL 752.796 and 752.797(3)(d), as well as aggravated stalking, contrary to MCL 750.411i, and malicious use of telecommunications services, contrary to MCL 750.540e.

x. The charges against Mr. Ferraro in Case No. 15-58414-FY were filed while he was still on probation in Case Nos. 15-58203-SM and 15-58285-SM.

xi. Respondent disqualified herself on her own motion from Case No. 15-58414-FY on July 8, 2015, indicating that she believed that her continued assignment would create an appearance of impropriety.

xii. Respondent added the following on the disqualification order in Case No. 15-58414-FY: "Defendant has had two very recent cases that Judge Church has recused on as well." [sic] The two cases referred to were Case Nos. 15-58203-SM and 15-58285-SM.

xiii. SCAO assigned Judge Beth Gibson of the 92nd District Court to preside over Case No. 15-58414-FY on July 9, 2015.

xiv. Respondent sent two texts to Judge Gibson regarding Case No. 15-58414-FY.

xv. On July 7, 2015, at 5:15 p.m., respondent texted Judge Gibson:

"I am group texting both Judge Gibson in [sic] John Feroni I have been contacted by MSP regarding Carmen Ferraro they will be submitting report to the Circuit C [sic]ourt [sic] to the prosecutor and to you John for probation violation. Acid [sic] a report be sent all three and I told him that Judge Gibson will hear the matter

"It was trooper Bitnar"

xvi. On July 16, 2015, at 4:52 p.m., respondent texted Judge Gibson:

"I could really use that boy on community service so hurry and send the Ferraro kid"

7.  In *People v Martinez* (91st District Case No. 14-57336-EX), respondent declined to appoint a translator for the defendant when she should have.

The standards set forth in *Brown* are also being applied to the Judicial Tenure Commission legal conclusions to which the respondent stipulated and which we adopt as

our own. The Commission concludes, and we agree, that the respondent's conduct constitutes:

(a) Misconduct in office, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205;

(b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30, and MCR 9.205(B);

(c) Conduct involving impropriety and the appearance of impropriety, in violation of the Code of Judicial Conduct, Canon 2A;

(d) Failure to be faithful to the law and maintain professional competence in it, contrary to Code of Judicial Conduct Canon 3A(1);

(e) Participation in ex parte communications, and consideration of them outside the presence of all parties concerning pending or impending proceedings, in violation of Code of Judicial Conduct Canon 3A(4); and

(f) A failure to adopt the usual and accepted methods of doing justice, in violation of Code of Judicial Conduct Canon 3A(9).

After review of the Judicial Tenure Commission's decision and recommendation, the settlement agreement, the standards set forth in *Brown*, and the above findings and conclusions, we ORDER that the Honorable Elizabeth Biolette Church be publicly censured and suspended without pay for 120 days. Were we to apply the *Brown* factors in the first instance, we may have reached an alternate result. However, in light of respondent's disclosed serious and debilitating medical condition, in addition to her acceptance of responsibility, the unique circumstances of this case warrant our deference

to the Judicial Tenure Commission's recommended sanction. During the period of suspension, Judge Church shall not enter any courthouse in Chippewa County or initiate communication with the staff of any courthouse in Chippewa County unless she has a personal matter pending in any of those courts and then only to the extent that any other member of the public would have access to the court or the court staff. This order stands as our public censure.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 25, 2016



Clerk

s0518